IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN THE MATTER OF:  CASE NO. 15-24431-LMI
ROSA REINOSO  CHAPTER 13

    Debtor,

_____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY LAGO MAR TOWNHOMES ASSOCIATION, INC.**

**IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING (SEE LOCAL RULE 3015-3(A)(2))**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

    1.    Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, Local Rule 3015-3, the debtor seeks to value real property securing the claim of Lago Mar Townhomes Association, Inc., (the "Association"). Associations possess certain assessment lien rights ("Assessment Lien Rights"). Association holds a lien recorded on December 4, 2014 at Book 29415, Page 2610 (2 Pages), in the official records of Miami-Dade County, Florida (hereinafter referred to as "lien")

    2.    The real property is located at 7386 SW 162nd Place, Miami FL 33193, more particularly described as:

**LEGAL DESCRIPTION: LOT 1, BLOCK 9, OF HEFTLER'S LAGO MAR WEST, According to the Plat Book 147, Page 53, of the Public Records of Miami-Dade County Florida, as amended (the "Property")**

3.     At the time of the filing of this case, the value of the real property is $ 177,550.00 as determined by the County Appraiser.

4.     CIT Bank, N.A., holds a lien on the Real Property, senior to priority to association, securing claims in the aggregate amount of $ 289,118.91.

5.

  _X_   Association's collateral consists solely of the debtor's property. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

  ____  Association's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of Lender, there is equity of $0.00 remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $0.00 and the value of the Lender's unsecured, deficiency claim is $0.00.

6.     The undersigned reviewed the docket and claims register and states:

  ___   Association has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

  _X_   Association has filed a proof of claim (1-1) in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7.     The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.     In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at or before the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled

on the Motion.

   **2.**      The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

                       CORONA LAW FIRM, P.A.

                       /s/ Ricardo Corona
                       RICARDO CORONA, ESQ.
                       Florida Bar No. 111333
                       3899 NW 7th Street, Suite 202-B
                       Miami, FL 33126
                       (305) 266-1150 Phone
                       (888) 554-5607 Fax
                       bk@coronapa.com

## **MEMORANDUM**

1. 11 U.S.C. Section 506(a) provides that

    " [A]n allowed claim of a creditor secured by a lien on property in which the estate has an interest, … is a secured claim to the extent of the value of such creditor' s interest in the estate's interest in such property, … and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such claim"

2. 11 U.S.C. Section 506 (d) provides that

    "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…"

3. The Court is therefore requested to value the estate's interest in property in which this creditor has an interest. See Bankruptcy Rule 3012.

4. The Debtor being indebted to the Association by accepting a deed to the property, which was encumbered by the Declaration and the Assessment Lien Rights.

5. The original Declaration mortgaged the Property that was, then owned by and is in possession of the Debtor.

6. CIT Bank, N.A. holds a first priority mortgage on the Property in the amount of $ 289,118.91.

7. The value of the property pursuant to Miami-Dade Property Appraiser's Office is $ 177,550.00.

8. Association's Assessment Lien Rights claim is wholly unsecured claim as the amounts of Wells Fargo Home Mortgage claim exceed the value of the Property.

9. The rights of a Junior Mortgage such as the Association's Declaration may be modified in a Chapter 13 plan if they are wholly unsecured as it does not qualify as a creditor whose claim is "secured" solely by an interest in property that is the debtor's principal residence within the meaning of 11 U.S.C. Section 1322 (b)(2). In re Tanner, 2000 WL 966700 (11th Cir. 2000).

10. A creditor holds a "secured" claim only to the extent of the value of the creditor's interest in the collateral. If there is no value, there is no secured claim. 11 U.S.C. Section 506(a).

11. Association's Declaration claim is not protected by 11 U.S.C. Section 1322(b)(2) and the Supreme Court's decision in Nobelman v. American Savings Bank, 508 U.S. 324, 113 S. Ct. 2106 (1993) as it is wholly unsecured.

12. To the extent that the Association's Declaration lien is not securing an allowed secured claim, such lien is void. 11 U.S.C. Section 506(d), In re Folendore, 862 F.2d 1537 (11th Cir. 1989).

**WHEREFORE**, the Debtors move this Court to:

1. Value the property at $ 177,550.00;

2. Determine that the Association's Lien Rights claim is wholly unsecured claim as its interest in the estate's interest in the Property is $0.00;

3. Determine that the Association's Assessment Lien Rights allowed claim is a wholly unsecured claim;

4. Declare the Association's Assessment Lien Rights lien void to the extent that it secures a claim that is not an allowed secured claim; and

5. Such further relief consistent with this request for relief.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing motion was sent via USPS Mail, Certified Mail or electronic transmission to every party on the attached Matrix and all others set forth in the NEF dated this 29th day of March 2015.

> CORONA LAW FIRM, P.A.
>
> /s/ Ricardo Corona
> RICARDO CORONA, ESQ.
> Florida Bar No. 111333
> 3899 NW 7th Street, Suite 202-B
> Miami, FL 33126
> (305) 266-1150 Phone
> (888) 554-5607 Fax
> bk@coronapa.com

**Credit Mailing Matrix**
**Case No.: 15-24431-LMI**

| **Office of US Trustee** | **Nancy Neidich Trustee** | **Rosa Reinoso** |
|---|---|---|
| 51 SW 1st Avenue, Ste 1204 | PO Box 279806 | 7386 SW 162 Place |
| Miami, FL 33130 | Miramar, FL 33027 | Miami, FL 33193 |

**LAGO MAR TOWNHOMES ASSOCIATION, INC.**
**c/o Siegfried, Rivera, Hyman, Lerner, De La Torre, Mars & Sobel, P.A.**
Attn:   Jeffrey S. Berlowitz, Esq.
201 Alhambra Cir # 1102
Coral Gables, FL 33134