

ORDERED in the Southern District of Florida on May 10, 2016.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN THE MATTER OF:                    CASE NO. 15-24431-LMI
ROSA REINOSO                         CHAPTER 13

    Debtor,
_____/

**AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY LAGO MAR TOWNHOMES ASSOCIATION, INC., D.E. # 82**

**THIS CAUSE** having come before the court upon the Debtor, **ROSA REINOSO**'s Motion to Value and Determine Secured Status of Lien on Real Property held by Lago Mar Townhomes Association, Inc., (D.E. # 82), having been advised the parties have reached an

agreement this court having considered the basis for the Motion, and being otherwise duly advised in the premises, it is ordered as follows:

A. The value of Debtor's real property (the "Real Property") located at 7386 SW 162nd Place, Miami FL 33193, more particularly described as

**LEGAL DESCRIPTION: LOT 1, BLOCK 9, OF HEFTLER'S LAGO MAR WEST, According to the Plat Book 147, Page 53, of the Public Records of Miami-Dade County Florida, as amended (the "Property")**

is $ 177,550.00 at the time of filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Lago Mar Townhomes Association, Inc., (the "Association") is $289,118.91.

C. The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Association is $0.00 and Association has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED.**

2. Association has an allowed secured claim of $0.00.

3. Because Association's secured interest in the Real Property is $0, Association's Assessment Lien Rights prior to the filing of the Debtor's bankruptcy petition recorded on December 4, 2014 at Book 29415, Page 2610 (2 Pages), in the official records of Miami Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Association's Assessment Lien Rights will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender filed a proof of claim in this case (1-1). It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the

           amount of $3,490.18, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.